## Lippincott's Estate

Before Van Dusen, P. J., Sinkler, Klein, Bolger, Ladner, and Hunter, JJ.

*J. Kennard Weaver*, for exceptant.

*Myron Jacoby*, contra.

SINKLER, J., November 3, 1944.—The present account relates to the trust estate created by items 7 and

10 of the will of testator, as amended by the second codicil. The question determined by the learned auditing judge was whether the widow, by the third paragraph of the second codicil to her will, exercised the power of appointment given her by the will of testator in respect of the fund now accounted for. By the adjudication it is held that "a narrow construction cannot be given to the comprehensive phrase 'all the property over which I have the right of appointment' ", and that the fund passes under the second codicil to her will. We are agreed that this finding is correct.

The exceptions are dismissed and the adjudication is confirmed absolutely.

### Opinion sur reargument

SINKLER, J., January 12, 1945.—The exceptions of J. Henry Donnon, Jr., were dismissed in an opinion filed November 7, 1944, but a reargument was granted. Exceptant has abandoned his contention before the auditing judge that the appointment of Eleanor T. Lippincott was not intended to apply to all this fund; and he now urges distribution in exact accordance with that appointment. We think this is correct.

It is argued on behalf of Francis Donnon that all of the thirds into which the appointor divided this fund were subject to the alternative gift of one third to issue in case Bessie or Helen should die before Mabel. The result would be that one half of this fund would go to the issue of Helen, who died before Mabel, and her two sons would each get one fourth. The auditing judge so awarded. The argument cannot be supported.

It is true that Eleanor's appointment of one third to Mabel for life is not exactly congruous with the already existing limitations of this fund, for Mabel already had a life interest in all of it. There is to that extent a duplication. But there is no practical difficulty; and the duplication affords no reason for importing into the limitations of two thirds the alternative gift of the

other third to the issue of Bessie and Helen in case they die before Mabel. The duplication would still exist if that should be done.

The half to which Bessie is entitled has already been distributed to her, and only the other half is before us. The adjudication of March 20, 1941, and schedule of distribution thereon of May 12, 1941, and the supplemental adjudication of June 28, 1944, are modified, and the balances of principal and income before us and additional income to date of distribution are awarded: $250 to counsel for accountant, and the balance, 5/6 to J. Henry Donnon, Jr., and 1/6 to Francis Donnon.

The third exception is sustained, the other exceptions are dismissed, and the adjudication, schedule of distribution and supplemental adjudication, as modified, are confirmed absolutely.